**MCDERMOTT WILL & EMERY LLP**
Timothy W. Walsh
Darren Azman
Ravi Vohra
340 Madison Avenue
New York, New York 10173
Telephone: (212) 547-5615
Facsimile: (212) 547-5444

*Proposed Counsel to the Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| AGERA ENERGY LLC, | Case No. 19-_____ (___) |
| Debtor. | |
| Employer Tax I.D. No. 46-5028122 | |
| In re: | Chapter 11 |
| AGERA HOLDINGS, LLC, | Case No. 19-_____ (___) |
| Debtor. | |
| Employer Tax I.D. No. 47-1293335 | |
| In re: | Chapter 11 |
| energy.me midwest llc, | Case No. 19-_____ (___) |
| Debtor. | |
| Employer Tax I.D. No. 45-1599484 | |

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| AEQUITAS ENERGY INC., | ) ) ) | Case No. 19-_____ (___) |
| Debtor. | ) ) ) |  |
| Employer Tax I.D. No. 45-525788 | ) ) ) |  |
| In re: | ) ) ) | Chapter 11 |
| UTILITY RECOVERY LLC, | ) ) ) | Case No. 19-_____ (___) |
| Debtor. | ) ) ) |  |
| Employer Tax I.D. No. 47-2294351 | ) ) ) |  |
| In re: | ) ) ) | Chapter 11 |
| AGERA SOLUTIONS LLC, | ) ) ) | Case No. 19-_____ (___) |
| Debtor. | ) ) ) |  |
| Employer Tax I.D. No. 47-1958749 | ) ) | |

**DEBTORS' MOTION FOR ENTRY OF AN ORDER (I) DIRECTING
JOINT ADMINISTRATION OF RELATED CHAPTER 11 CASES AND
(II) WAIVING REQUIREMENTS OF BANKRUPTCY CODE SECTION 342(c)(1)
AND BANKRUPTCY RULES 1005 AND 2002(n)**

Agera Energy LLC and the above-captioned debtors, as debtors and debtors in possession (collectively, the "Debtors") in these chapter 11 cases (these "Chapter 11 Cases"), hereby submit this motion (the "Motion") for entry of an order pursuant to section 105(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 9013-1(a) of the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules"), substantially in the form attached hereto as

2

**Exhibit A** (the "Order"): (a) directing the joint administration of these Chapter 11 Cases and the consolidation thereof for procedural purposes only; and (b) waiving the requirement that the caption in the Chapter 11 Cases and certain notices list the Debtors' tax identification numbers. In support of this Motion, the Debtors rely upon the *Declaration of Todd Sandford Pursuant to Rule 1007-2 of the Local Bankruptcy Rules for the Southern District of New York in Support of the Debtors' Chapter 11 Petitions and First Day Pleadings* (the "First Day Declaration"), filed contemporaneously herewith. In further support of this Motion, the Debtors respectfully state as follows:

## JURISDICTION AND VENUE

1. The United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of New York*, dated January 31, 2012. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

2. Venue is proper before this Bankruptcy Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory bases for the relief requested herein are Bankruptcy Code section 105(a), Bankruptcy Rule 1015(b), and Local Rule 9013-1(a).

## BACKGROUND

4. On the date hereof (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

5. The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108.

3

6. No trustee, examiner, creditors' committee, or other official committee has been appointed in these Chapter 11 Cases.

7. The factual background regarding the Debtors, including a description of the Debtors' business, capital structure, and the circumstances leading to these Chapter 11 Cases, is set forth in the First Day Declaration, which is incorporated herein by reference.

## **RELIEF REQUESTED**

8. By this Motion, the Debtors seek entry of an Order (a) directing the joint administration of these Chapter 11 Cases and the consolidation thereof for procedural purposes only; and (b) waiving the requirement that the caption in these Chapter 11 Cases and certain notices list the Debtors' tax identification numbers. Many of the motions, applications, hearings, and orders that will arise in these Chapter 11 Cases will affect most, if not all, of the Debtors jointly. For that reason, the Debtors respectfully submit that their interests, as well as the interests of their creditors and other parties in interest, will be best served by the joint administration of these Chapter 11 Cases for procedural purposes only.

9. The Debtors further seek entry of an order directing the Clerk of the Bankruptcy Court to maintain one file and one docket for all of these chapter 11 cases under the case of Agera Energy LLC, *et al*. In addition, the Debtors seek the Court's direction that separate docket entries be made on the docket of each Chapter 11 Case (except that of Agera Energy LLC) substantially as follows:

> "An order has been entered in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure directing the joint administration of the chapter 11 cases of: Agera Energy LLC, Case No. 19-_____; Agera Holdings, LLC, Case No. 19-_____; energy.me midwest llc, Case No. 19- _____; Aequitas Energy Inc., Case No. 19-_____; Utility Recovery LLC, Case No. 19-_____; and Agera Solutions LLC, Case No. 19-_____. The docket in the chapter 11 case of Agera Energy LLC, *et al.*, Case No.

4

19-_____ (____), should be consulted for all matters affecting this case. **All further pleadings and other papers shall be filed in and all further docket entries shall be made in Case No. 19-_____ (____).**"

10. The Debtors further request that the caption of these Chapter 11 Cases be modified as follows to reflect their joint administration:

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| AGERA ENERGY LLC, *et al.*,[1] | ) | Case No. 19-_____ (____) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

[1] The Debtors, together with the last four digits of each Debtor's federal tax identification number, are: Agera Energy LLC (8122); Agera Holdings, LLC (3335); energy.me midwest llc (9484); Aequitas Energy, Inc. (7988); Utility Recovery LLC (4351); and Agera Solutions LLC (8749). The location of the Debtors' corporate headquarters and the service address for all Debtors is 555 Pleasantville Road, S-107, Briarcliff Manor, NY 10510.

**BASIS FOR REQUESTED RELIEF**

11. Pursuant to Bankruptcy Rule 1015(b), if two or more petitions are pending in the same court by or against a debtor and an affiliate, "the court may order a joint administration of the estates." Fed. R. Bankr. P. 1015(b). The Debtors are "affiliates" of one another within the meaning of Bankruptcy Code section 101(2), as each Debtor is a wholly-owned direct or indirect subsidiary of Agera Holdings, LLC. *See* 11 U.S.C. § 101(2) (defining "affiliate" as a corporation, twenty percent or more of whose outstanding voting securities are directly or indirectly owned, controlled, or held with power to vote, by the debtor, or by an entity that directly or indirectly owns, controls, or holds with power to vote, twenty percent or more of the outstanding voting securities of the debtor).

12.     Bankruptcy Code section 105(a) further permits the Bankruptcy Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a).  Accordingly, the Bankruptcy Code and Bankruptcy Rules authorize the Bankruptcy Court to grant the relief requested herein.

13.     Courts in this district routinely order joint administration of related chapter 11 cases for procedural purposes.  *See, e.g.*, *In re Cenveo, Inc.*, Case No. 18-22178 (RDD) (Bankr. S.D.N.Y Feb. 5, 2018); *In re Global A&T Elecs. Ltd.*, Case No. 17-23931 (RDD) (Bankr. S.D.N.Y. Dec. 19, 2017); *In re 21st Century Oncology Holdings, Inc.*, Case No. 17-22770 (RDD) (Bankr. S.D.N.Y. May 26, 2017); *In re BCBG Max Azria Glob. Holdings, LLC*, Case No. 17-10466 (SCC) (Bankr. S.D.N.Y. Mar. 2, 2017); *In re Avaya Inc.*, Case No. 17-10089 (SMB) (Bankr. S.D.N.Y. Jan. 20, 2017); *In re Aéropostale, Inc.*, Case No. 16-11275 (SHL) (Bankr. S.D.N.Y. May 4, 2016).

14.     Joint administration of these Chapter 11 Cases will ease the administrative burden on the Bankruptcy Court and on all parties in interest, as most if not all of the motions, applications, hearings, and orders in these Chapter 11 Cases will affect all of the Debtors.  Joint administration will reduce fees and costs by avoiding duplicative filings and objections, and will allow the U.S. Trustee and parties in interest to monitor these Chapter 11 Cases with greater ease and efficiency.  Moreover, joint administration will not prejudice creditors or other parties in interest because joint administration is purely procedural and will not impact the parties' substantive rights.  Accordingly, based on the foregoing facts and authorities, the Debtors submit that the relief requested in this Motion should be granted.

## MOTION PRACTICE

15. This Motion includes citations to the applicable rules and statutory authorities upon which the relief requested herein is predicated and a discussion of their application to this Motion. Accordingly, the Debtors submit that this Motion satisfies Local Rule 9013-1(a).

## NOTICE

16. The Debtors will provide notice of this Motion to: (a) the United States Trustee; (b) the holders of the 30 largest unsecured claims against the Debtors (on a consolidated basis); (c) counsel to BP Energy Company; (d) counsel to Exelon Generation Company, LLC; (e) the United States Attorney for the Southern District of New York; and (f) any party that has requested notice pursuant to Bankruptcy Rule 2002. The Debtors submit that, under the circumstances, no other or further notice is required.

## NO PRIOR REQUEST

17. No prior motion for the relief requested herein has been made to this or any other court.

WHEREFORE, the Debtors respectfully request that this Court enter an order, substantially in the form attached hereto as **Exhibit A**, (a) directing the joint administration of their chapter 11 cases and consolidating them for procedural purposes only and (b) granting such other and further relief as the Court deems appropriate.

Dated: October 4, 2019  
      New York, NY

Respectfully submitted,

**MCDERMOTT WILL & EMERY LLP**

/s/ Darren Azman  
Timothy W. Walsh  
Darren Azman  
Ravi Vohra  
340 Madison Avenue  
New York, NY 10173  
Telephone: (212) 547-5615  
Facsimile: (212) 547-5444  
Email: dazman@mwe.com  
       rvohra@mwe.com

*Proposed Counsel to the Debtors  
and Debtors in Possession*

**Exhibit A**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| AGERA ENERGY LLC, | ) | Case No. 19-_____ (___) |
| Debtor. | ) | |
| Employer Tax I.D. No. 46-5028122 | ) | |
| In re: | ) | Chapter 11 |
| AGERA HOLDINGS, LLC, | ) | Case No. 19-_____ (___) |
| Debtor. | ) | |
| Employer Tax I.D. No. 47-1293335 | ) | |
| In re: | ) | Chapter 11 |
| energy.me midwest llc, | ) | Case No. 19-_____ (___) |
| Debtor. | ) | |
| Employer Tax I.D. No. 45-1599484 | ) | |
| In re: | ) | Chapter 11 |
| AEQUITAS ENERGY INC., | ) | Case No. 19-_____ (___) |
| Debtor. | ) | |
| Employer Tax I.D. No. 45-5257988 | ) | |

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| UTILITY RECOVERY LLC, | ) | Case No. 19-_____ (___) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Employer Tax I.D. No. 47-2294351 | ) | |
| | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| AGERA SOLUTIONS LLC, | ) | Case No. 19-_____ (___) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Employer Tax I.D. No. 47-1958749 | ) | **Re: Docket No. __** |
| | ) | |

**ORDER DIRECTING JOINT**
**ADMINISTRATION OF RELATED CHAPTER 11 CASES**

Upon the motion (the "Motion")[1] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order") directing the joint administration of their chapter 11 cases (these "Chapter 11 Cases") and the consolidation thereof for procedural purposes only; and upon the First Day Declaration; and this Court having found that it has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of New York*, dated January 31, 2012; and this Court having found that the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having determined that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and

---

[1] Capitalized terms used but not defined herein have the meanings ascribed to such terms in the Motion.

other parties in interest; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and this Court having reviewed the Motion and having heard statements in support of the Motion at a hearing held before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and the First Day Declaration and at the Hearing establish just cause for the relief granted herein; and any objections to the relief requested in the Motion having been withdrawn or overruled on the merits; and after due deliberation thereon and good and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted as set forth herein.

2. The above-captioned Chapter 11 Cases shall be jointly administered by the Bankruptcy Court and consolidated for procedural purposes only under the case of Agera Energy LLC, *et al.*, Case No. 19-_____ (___).

3. The caption of the jointly administered Chapter 11 Cases shall read as follows:

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| AGERA ENERGY LLC, *et al.*,[1] | ) | Case No. 19-_____ (___) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

[1] The Debtors, together with the last four digits of each Debtor's federal tax identification number, are: Agera Energy LLC (8122); Agera Holdings, LLC (3335); energy.me midwest llc (9484); Aequitas Energy, Inc. (7988); Utility Recovery LLC (4351); and Agera Solutions LLC (8749). The location of the Debtors' corporate headquarters and the service address for all Debtors is 555 Pleasantville Road, S-107, Briarcliff Manor, NY 10510.

4. The requirements under Bankruptcy Code section 342(c)(1) and Bankruptcy Rule 2002(n) that the case caption and other notices mailed in these Chapter 11 Cases include the Debtors' tax identification numbers and other identifying information about the Debtors are hereby waived. The Debtors shall include in all papers filed and each notice mailed by the Debtors a footnote listing all of the Debtors, the last four digits of their respective tax identification numbers, and the address of their corporate headquarters.

5. The Clerk of this Court shall make a docket entry in each chapter 11 case (except that of Agera Energy LLC, *et al*.,) substantially as follows:

> "An order has been entered in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure directing the joint administration of the chapter 11 cases of: Agera Energy LLC, Case No. 19-_____; Agera Holdings, LLC, Case No. 19-_____; energy.me midwest llc, Case No. 19-_____; Aequitas Energy Inc., Case No. 19-_____; Utility Recovery LLC, Case No. 19-_____; and Agera Solutions LLC, Case No. 19-_____. The docket in the chapter 11 case of Agera Energy LLC, *et al.*, Case No. 19-_____ (___), should be consulted for all matters affecting this case. **All further pleadings and other papers shall be filed in and all further docket entries shall be made in Case No. 19-_____ (____)."**

6. One consolidated docket, one file, and one consolidated service list shall be maintained by the Debtors and kept by the clerk of the Bankruptcy Court with the assistance of the claims and noticing agent retained by the Debtors in these Chapter 11 Cases.

7. The Debtors are authorized and empowered to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

8. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

9.      This Court shall retain exclusive jurisdiction to hear and determine all matters arising from or related to the interpretation, implementation, or enforcement of this Order.

10.      Nothing contained in the Motion or this Order shall be deemed or construed as directing or otherwise effecting a substantive consolidation of these Chapter 11 Cases.

Dated: _____, 2019      _____
      White Plains, New York      THE HONORABLE ROBERT D. DRAIN
                                              UNITED STATES BANKRUPTCY JUDGE