**KILPATRICK TOWNSEND & STOCKTON LLP**
Todd C. Meyers, Esq.
The Grace Building
1114 Avenue of the Americas
New York, NY 10036-7703
Telephone: (212) 775-8700
Facsimile: (212) 775-8800

*Proposed Counsel to the Official Committee of Unsecured Creditors of Agera Energy, LLC, et al.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| AGERA ENERGY LLC, ET AL., | Case No. 19-23802 (RDD) |
| Debtors.[1] | (Jointly Administered) |

**LIMITED OBJECTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO PROPOSED SALE OF THE AGERA OPCO ENTITIES' ASSETS TO THE STALKING HORSE BIDDER**

The Official Committee of Unsecured Creditors (the "Committee") of the above-captioned debtors and debtors in possession (the "Debtors"), by and through its undersigned proposed counsel, Kilpatrick Townsend & Stockton LLP, hereby files this limited objection (the "Limited Objection") to the proposed sale of certain of the Agera Opco Entities' assets to the Stalking Horse Bidder (the "In-Court Sale").[2] In support of this Limited Objection, the Committee respectfully states as follows:

---

[1] The Debtors, together with the last four digits of each Debtor's federal tax identification number, are: Agera Energy LLC (8122); Agera Holdings, LLC (3335); energy.me midwest llc (9484); Aequitas Energy, Inc. (7988); Utility Recovery LLC (4351); and Agera Solutions LLC (8749). The location of the Debtors' corporate headquarters and the service address for all Debtors is 555 Pleasantville Road, S-107, Briarcliff Manor, NY 10510.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the *Order (I)(A) Approving Bidding Procedures Relating to the Sale of Debtors' Assets, (B) Approving Stalking Horse Asset Purchase Agreement and Bid Protections, (C) Approving Form and Manner of Notices of Sale, Auction and Sale Hearing, (D) Approving Procedures Relating to the Assumption and Assignment of Certain Executory Contracts, (E)*

**BACKGROUND**

1. On October 4, 2019 (the "Petition Date"), the Debtors each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors continue to operate as debtors in possession, pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request for the appointment of a trustee or examiner has been made in these chapter 11 cases.

2. Also on the Petition Date, the Debtors filed the *Debtors' Motion for Entry of Orders (I)(A) Approving Bidding Procedures Relating to the Sale of Debtors' Assets, (B) Approving Stalking Horse Asset Purchase Agreement and Bid Protections, (C) Approving Form and Manner of Notices of Sale, Auction and Sale Hearing, (D) Approving Procedures Relating to the Assumption and Assignment of Certain Executory Contracts, (E) Scheduling Auction for, and Hearing to Approve, Sale of the Agera Opco Entities' Assets; (II)(A) Approving the Sale of the Agera Opco Entities' Assets Free and Clear of All Liens, Claims, Interests and Encumbrances and (B) Authorizing the Assumption and Assignment of Certain Executory Contracts; and (III) Granting Related Relief* (the "Bidding Procedures Motion") [Docket No. 16].

3. On October 11, 2019, pursuant to section 1102 of the Bankruptcy Code, the United States Trustee for Region 2 appointed three creditors to serve on the Committee in connection with these chapter 11 cases [Docket No. 61]. The members of the Committee are: (i) Satori Energy Solutions, LLC; (ii) EMEX, LLC; and (iii) Richard Cooperberg.

4. On October 17, 2019, the Committee filed its objection to the Bidding Procedures Motion [Docket No. 97].

---

*Scheduling Auction for, and Hearing to Approve, Sale of the Debtors' Assets And (II) Granting Related Relief* [Docket No. 116] (the "Bidding Procedures Order").

2

5. On October 22, 2019, the Court entered the Bidding Procedures Order, as negotiated by the Debtors, the Stalking Horse Bidder, and the Committee.

6. According to the Bidding Procedures Order, the deadline to submit a Qualified Bid was November 1, 2019 at 11:00 a.m. (ET).

7. As of the filing of this Objection, the Committee is not aware of any party submitting a Qualified Bid in accordance with the Bidding Procedures Order.

## LIMITED OBJECTION

8. The Committee is supportive of the Debtors consummating the proposed In-Court Sale with the Stalking Horse Bidder. Indeed, the Committee submits that the In-Court Sale is an essential component to the Debtors' chapter 11 process. However, the Committee has identified a critical defect with respect to the subject asset purchase agreement (the "APA"):[3] it requires, as a condition to closing, that the Restructuring Support Agreement (as defined in the APA) "be in full force and effect." APA § 9.02(e) (the "RSA Condition"). The Committee submits that the RSA Condition must be stricken from any order approving the In-Court Sale.[4]

9. ***First, the RSA Condition is incapable of being satisfied.*** The Restructuring Support Agreement, as defined in the APA, means the "Binding RSA Term Sheet dated October 3, 2019". APA § 1.01. The Debtors' motion seeking approval of the Restructuring Support Agreement was withdrawn on October 11, 2019. *See* Docket No. 58. Subsequently, the Debtors elected to seek approval of the Amended Restructuring Support Agreement dated October 11, 2019

---

[3] The APA is attached to the Bidding Procedures Order as Exhibit 1.

[4] Prior to the filing of this Limited Objection, the Committee engaged the relevant parties in an attempt to resolve the Committee's objection to the APA. As of the filing of this Limited Objection, the parties could not agree on a form of APA that was acceptable to the Committee. Upon information and belief, the Stalking Horse Bidder has agreed that the Amended RSA would satisfy the RSA Condition. The Committee submits that because the Amended RSA is similarly burdensome to the Debtors' estates, it is not a panacea to the proposed RSA Condition for the reasons discussed in the UCC Objection (as defined below), which are incorporated as if fully set forth herein.

3

(the "Amended RSA"). *See* Docket No. 71. As a result, the original Restructuring Support Agreement is not in "full force and effect," and it appears the Debtors have no intention of seeking approval of the original Restructuring Support Agreement.[5]

10.    ***Second***, even assuming *arguendo*, that the RSA Condition referenced in section 9.02(e) of the APA could be satisfied if the Amended RSA was approved and in "full force and effect:, the Committee objected to the Debtors' proposed assumption of the Amended RSA because, among other things, it provides no benefit to these estates, is wholly unnecessary, and, in fact, saddles the Debtors with substantial burdens and an ineffective "fiduciary out." *See Objection of the Official Committee of Unsecured Creditors to Debtors' Motion for Entry of Order Authorizing and Directing Assumption of the Amended Restructuring Support Agreement Term Sheet* [Docket No. 152] (the "UCC Objection"). As the Amended RSA provides no benefit to the Debtors' restructuring efforts, it is self-evident that consummation of the In-Court Sale should not be conditioned on the Amended RSA being "in full force and effect."

11.    ***Third***, the Restructuring Support Agreement (or the Amended RSA for that matter) has no impact on the Stalking Horse Bidder. Furthermore, because the Postpetition Secured Party should otherwise be supportive of the In-Court Sale, the requirement that the Restructuring Support Agreement be in "full force and effect" appears to be an unnecessary condition to closing imposed by the Debtors. Based on the foregoing, the RSA Condition should be stricken from the APA. In the event such provision is not stricken from the APA for the reasons discussed herein, the RSA Condition should be stricken for the reasons set forth in the UCC Objection (i.e., it is not beneficial to the Debtors' estates).

---

[5] Section 9.02 of the APA provides that the Buyer may waive any condition to closing set forth in section 9.02 of the APA. If the Buyer were to immediately waive the RSA Condition in accordance with the APA, the Committee's Limited Objection would be moot. As of the filing of this Limited Objection, the Committee is not aware of the Buyer waiving any conditions to closing.

12.     Put simply, the RSA Condition could, by itself, provide the Stalking Horse Bidder an opportunity to walk prior to consummating the In-Court Sale.  Furthermore, without any other Qualified Bids in place, the RSA Condition, if not satisfied—*which is already the case*, could result in a conversion of these chapter 11 cases to cases under chapter 7.  For these reasons, the Committee requests that the RSA Condition be stricken from the APA.

## CONCLUSION

**WHEREFORE**, the Committee respectfully requests that the Court (i) condition entry of an order approving the In-Court Sale on removing the RSA Condition; and (ii) grant such other and further relief as the Court deems just and proper.

Dated:    November 1, 2019          Respectfully submitted,

**KILPATRICK TOWNSEND &
STOCKTON LLP**

*/s/ Todd C. Meyers*
Todd C. Meyers
The Grace Building
1114 Avenue of the Americas
New York, NY 10036-7703
Telephone: (212) 775-8700
Facsimile:  (212) 775-8800
Email:  tmeyers@kilpatricktownsend.com

-and-

Colin M. Bernardino
1100 Peachtree Street
Suite 2800
Atlanta, Georgia 30309
Telephone:  (404) 815-6500
Facsimile:  (404) 541-6421
Email:  cbernardino@kilpatricktownsend.com

*Proposed Counsel for the Official Committee
of Unsecured Creditors of Agera Energy LLC, et al.*