**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| AGERA ENERGY LLC, *et al.*,[1] | ) | Case No. 19-23802 (RDD) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | **Re: Docket No. 16, 116** |

### ORDER (I) AUTHORIZING AND APPROVING THE SALE OF SUBSTANTIALLY ALL OF THE AGERA OPCO ENTITIES' ASSETS FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND OTHER INTERESTS; (II) APPROVING THE ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES RELATED THERETO; AND (C) GRANTING RELATED RELIEF

Upon the motion (the "Motion") of Agera Energy, LLC and the above-captioned debtors, as debtors and debtors in possession (collectively, the "Debtors") in these chapter 11 cases (the "Chapter 11 Cases") for the entry of an order (this "Order"), pursuant to sections 105(a), 363, and 365, 503, and 507 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2002, 6004, 6006, and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 6004-1 and 6006-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York (the "Local Rules"):

---

[1] The Debtors, together with the last four digits of each Debtor's federal tax identification number, are: Agera Energy LLC (8122); Agera Holdings, LLC (3335); energy.me midwest llc (9484); Aequitas Energy, Inc. (7988); Utility Recovery LLC (4351); and Agera Solutions LLC (8749).  The location of the Debtors' corporate headquarters and the service address for all Debtors is 555 Pleasantville Road, S-107, Briarcliff Manor, NY 10510.

(i)     approving the sale (the "Sale") of substantially all assets (the "Purchased Assets") of Agera Energy LLC, Aequitas Energy, Inc. and energy.me midwest llc (collectively, the "Agera Opco Entities" or the "Sellers") to Exelon Generation Company, LLC, or its designee(s) (the "Successful Bidder") pursuant to that certain asset purchase agreement (attached hereto as **Exhibit 1**, and as amended from time to time, including all schedules, exhibits, and ancillary documents, the "Selected APA")[2], dated October 3, 2019, between the Successful Bidder and the Sellers free and clear of all liens, claims, liabilities, rights, interests, setoff rights and encumbrances except where the Sellers have agreed to transfer, and the Successful Bidder has expressly agreed to permit or assume, certain liabilities of the Sellers (as set forth and defined in the Selected APA, the "Assumed Liabilities");

(ii)    authorizing the assumption and assignment of the Assigned Contracts to the Successful Bidder as set forth on the schedule filed at Docket Nos. 122 and 144; and

(iii)   granting certain related relief.

and the *Amended Notice of Cancellation of Auction* [Docket No. 173]; and the Court having entered the *Order (I)(A) Approving Bidding Procedures Relating to the Sale of Debtors' Assets, (B) Approving Stalking Horse Asset Purchase Agreement and Bid Protections, (C) Approving Form and Manner of Notices of Sale, Auction and Sale Hearing, (D) Approving Procedures Relating to the Assumption and Assignment of Certain Executory Contracts, (E) Scheduling Auction for, and Hearing to Approve, Sale of the Debtors' Assets and (II) Granting Related Relief* [Docket No. 116] (the "Bidding Procedures Order") following a hearing on October 18, 2019 (the "Bidding Procedures Hearing"); and the Court having held a hearing to approve the Sale on November 5, 2019, at which time all interested parties were offered an opportunity to be heard with respect to the Motion (the "Sale Hearing"); and the Court having reviewed and considered the Motion, the Declaration of Todd Sandford in support of the Motion, the

---

[2] Capitalized terms not otherwise defined herein have the meanings ascribed to such terms in the Motion, the Selected APA, or the Bankruptcy Code as applicable.  The definitions of words in the singular in this Order shall apply to such words when used in the plural where the context so permits and vice versa.

Declaration of Richard Klein in support of the Motion, and the *Declaration of Todd Sanford pursuant to Rule 1007-2 of the Local Bankruptcy Rules for the Southern District of New York in Support of the Debtors' Chapter 11 Petitions and First Day Pleadings* [Docket No. 3] (collectively, the "Declarations"), all objections to the Motion, and all replies in further support of the Motion; and upon the record of the Sale Hearing; and this Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334(b) and the *Amended Standing Order of Reference from the United States District Court for the Southern District of New York*, dated January 31, 2012; and this Court having found that the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b); and venue of these Chapter 11 Cases and the Motion in this district being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and due and sufficient notice having been given; and it appearing that no other or further notice need be provided; and it appearing that the relief requested by the Motion is in the best interests of the Debtors, their estates, their creditors and all other parties in interest; and with the legal bases set forth in the Motion and the testimony adduced at the Sale Hearing establish good and sufficient cause for the relief being granted herein; it is hereby FOUND AND DETERMINED THAT:

A.      The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding by Bankruptcy Rule 9014.

B.      **Statutory Predicates**. The statutory predicates for the relief sought in the Motion are Bankruptcy Code sections 105, 363, 365, 503 and 507, Bankruptcy Rules 2002, 6004, 6006, and 9014 and Local Rules 6004-1 and 6006-1. The consummation of the transactions contemplated by the Motion, this Order, and the Selected APA is legal, valid and properly

authorized under all such provisions of the Bankruptcy Code, the Bankruptcy Rules and the
Local Rules.

C.      **Notice**.  As evidenced by the affidavits of service filed with the Court [Docket

Nos. 43, 63, 127, 135, and 137], proper, timely, adequate, and sufficient notice of the Motion, the

Sale, the Selected APA, the Sale Hearing, the potential assumption and assignment of the

Assigned Contracts, the cure payments proposed in respect of each Assigned Contract (each, a

"Cure Amount"), all transactions contemplated therein or in connection therewith, and all

deadlines related thereto, have been provided to all interested persons and entities and in

accordance with the Bidding Procedures Order, the Bankruptcy Code, the Bankruptcy Rules, and

the Local Rules.  The aforementioned notices are good, sufficient and appropriate under the

circumstances, and no other or further notice of any of the foregoing is required for entry of this

Order.  Parties interested in bidding on the Purchased Assets were provided, upon request,

sufficient information to make an informed judgment on whether to bid on the Purchased Assets.

All interested persons and entities have been provided a reasonable opportunity to object or be

heard regarding the relief requested in the Motion.

D.      **Business Justification**.  The Debtors have demonstrated compelling

circumstances and a good, sufficient, and sound business purpose and justification for the Sale.

In light of the circumstances of these Chapter 11 Cases as more fully described in the

Declarations, time is of the essence in (i) consummating the Sale and all related transactions and

(ii) maximizing the value of the Purchased Assets.

E.      **Adequate Marketing; Highest or Best Offer**.  As demonstrated by the evidence

proffered or adduced at the Sale Hearing and the representations of counsel made on the record

at the Sale Hearing: (i) the Debtors and their professionals, agents and representatives have

4

adequately marketed the Purchased Assets and conducted all aspects of the sale process in good

faith and compliance with the Bidding Procedures Order; (ii) a full, fair, and reasonable

opportunity has been given to any interested party to make the highest and best offer for the

Purchased Assets; (iii) the total consideration to be realized by the Debtors under the Selected

APA constitutes the highest or best offer for the Purchased Assets; (iv) the Sale will provide a

greater recovery for the Debtors' creditors than would be provided by any other practically

available alternative, including liquidation under chapter 7 of the Bankruptcy Code; and (v) the

Debtors' determination that the Selected APA constitutes the highest or best offer for the

Purchased Assets constitutes a valid and sound exercise of the Debtors' business judgment.  The

Selected APA and the transactions contemplated thereunder were proposed, negotiated and

entered into by and between the Sellers, on the one hand, and the Successful Bidder, on the other

hand, without collusion, in good faith and at arms' length.

      **F.**      **Sale in Best Interest**.  Approval of the Selected APA, the Sale and all related

transactions at this time, and the actions to be taken by the Debtors and the Successful Bidder,

are appropriate under the circumstances of these Chapter 11 Cases and are in the best interests of

the Debtors, their estates, creditors and all other parties in interest.  The Debtors have

demonstrated good, sufficient and sound business reasons and justifications for the Sellers'

consummation of the Sale and the performance of their obligations at this time under the

Selected APA.

      **G.**      **Good Faith Purchaser**.  The Sale and the transactions contemplated by the

Selected APA are undertaken by the Successful Bidder without collusion and in good faith,

within the meaning of Bankruptcy Code section 363(m), and accordingly, the reversal or

modification on appeal of the authorization provided herein to consummate the Sale shall not

affect the validity of the Sale, unless such authorization and consummation of the Sale are duly and properly stayed pending any such appeal. The Successful Bidder will be acting in good faith within the meaning of Bankruptcy Code section 363(m) in closing the transactions contemplated by the Selected APA and is a good faith purchaser for value within the meaning of Bankruptcy Code section 363(m). As such, the Successful Bidder is entitled to all of the protections and immunities afforded such a party under Bankruptcy Code section 363(m). There has been no showing that the Debtors or the Successful Bidder engaged in any action or inaction that would cause or permit the transactions to be avoided, or costs or damages to be imposed, under Bankruptcy Code section 363(n).

H.    **Prompt Consummation**. The Sale and the transactions contemplated by the Selected APA must be approved and consummated as promptly as practicable in order to preserve the value of the Purchased Assets and not cause irreparable harm to the value of the Purchased Assets.

I.    **Corporate Authority**. The Purchased Assets constitute property of the Debtors' bankruptcy estates and title thereto is vested in the Debtors' bankruptcy estates within the meaning of section 541 of the Bankruptcy Code. The Sellers (i) have full corporate power and authority to execute the Selected APA and all other documents contemplated thereby; (ii) have all of the corporate power and authority necessary to consummate the transactions contemplated by the Selected APA; (iii) have taken all corporate action necessary to authorize and approve the Selected APA and the consummation by the Sellers of the transactions contemplated thereby; and (iv) need no consents or approvals, other than those expressly provided for in the Selected APA, which may be waived in accordance with the terms therewith  The Sale of the Purchased

Assets has been duly and validly authorized by all necessary corporate action of each of the Sellers.

      **J.**      **Sale Free and Clear of Liens, Claims, and Other Interests**.  The Successful Bidder would not have entered into the Selected APA and would not consummate the Sale if the sale of the Purchased Assets to be sold, transferred and conveyed to the Successful Bidder were not, to the fullest extent permitted by Bankruptcy Code section 363(f), free and clear (except for specifically designated Assumed Liabilities) of all liens, claims, encumbrances and interests of whatsoever kind or nature in such Purchased Assets held by an entity other than the estate (collectively, and to the fullest extent permitted by Bankruptcy Code section 363(f), the "Liens, Claims and Interests").

      **K.**      **Satisfaction of 363(f) Standards**.  The Sellers may sell the Purchased Assets free and clear of all Liens, Claims and Interests (with the exception of specifically designated Assumed Liabilities) to the fullest extent permitted by Bankruptcy Code section 363(f) because, in each case, one or more standards set forth in section 363(f)(1)-(5) of the Bankruptcy Code has been satisfied.  All parties in interest, including, without limitation, any holders of Liens, Claims, or Interests, and any non-Debtor parties to the Assigned Contracts, who did not object, or who withdrew their objection, to the Motion, the Sale, and the assumption, assignment, and sale of their applicable Assigned Contract may be deemed to have consented to the relief granted herein and fall under section 362(c)(2) of the Bankruptcy Code.  Those holders of Liens, Claims, or Interests, and non-Debtor parties to Assigned Contracts that did not object, or does not object as set forth in the Bidding Procedures Order, are covered within one or more of the other subsections of section 363(f) of the Bankruptcy Code and/or are adequately protected by having their Liens, Claims, or Interests, if any, attach to the proceeds received by the Debtors against

which they assert a Lien, Claim, or Interest, in the order of their priority, with the same validity,

force and effect, if any, which they now have against such Purchased Assets, subject to any

claims and defenses the Debtors or their estates may possess with respect thereto.  Holders of

Liens, Claims, or Interests who did not object to the Motion, the Selected APA and/or the Sale

within the time limits set by the Court's prior orders are now barred from doing so.  Any

argument that the Assigned Contracts may not be assumed, assigned, and sold pursuant to

section 363(f), including, but not limited to any purported prohibition on assumption and

assignment provided for under section 365(c) of the Bankruptcy Code, is hereby overruled.

      **L.**      **Purchase Price is Fair and Reasonable and Not a Fraudulent Transfer**.  The

Selected APA was not entered into with the purpose or intent of hindering, delaying, or

defrauding the Debtors' present or future creditors under the Bankruptcy Code and under any

statute, regulation or common law of the United States, any state, territory, possession or the

District of Columbia or the laws of any foreign jurisdiction.  The offer of the Purchaser under the

terms and conditions set forth in the Selected APA, including the total consideration provided by

the Successful Bidder for the Purchased Assets pursuant to the Selected APA (i) is fair and

reasonable, (ii) is the highest or otherwise best offer for the Purchased Assets as demonstrated by

the market, (iii) will provide a greater recovery for the Debtors' creditors than would be provided

by any other practical available alternative, and (iv) constitutes reasonably equivalent value, fair

consideration and fair value for the Purchased Assets

      **M.**      **Successful Bidder Not an Insider/Successor Liability**.  Neither the Successful

Bidder nor any of its affiliates is an "insider" or "affiliate" of the Debtors or their non-debtor

affiliates, as those terms are defined in the Bankruptcy Code.  No common identity of

incorporators, directors, or stockholders existed between the Successful Bidder and the Debtors

and their non-debtor affiliates.  The Successful Bidder is not purchasing all of the Debtors' assets

and has not agreed to acquire any liabilities other than Assumed Liabilities.  Neither the

Successful Bidder nor any of its affiliates is a successor to the Debtors or their bankruptcy estates

by reason of any theory of law or equity.  The conveyance of the Purchased Assets to the

Successful Bidder does not amount to a consolidation, merger or de facto merger of the

Successful Bidder and the Debtors and/or the Debtors' bankruptcy estates.  There is no

substantial continuity between the Successful Bidder and the Debtors, there is no continuity of

enterprise between the Debtors and the Successful Bidder, the Successful Bidder is not a mere

continuation of the Debtors or their bankruptcy estates, and the Successful Bidder does not

constitute a successor to the Debtors or their bankruptcy estates.  The Successful Bidder would

not consummate the Sale unless its acquisition of the Purchased Assets were free of successor

liability, transferee liability, vicarious liability, de facto merger and similar claims (collectively,

"Successor Liability Claims") to the fullest extent permitted by Bankruptcy Code section 363(f).

> **N.**      **Binding and Valid Transfer**.  The sale, transfer and conveyance of the

Purchased Assets to the Successful Bidder is a valid transfer and will vest the Successful Bidder

with all right, title, and interest of the Sellers to the Purchased Assets free and clear of all Liens,

Claims and Interests of any kind or nature whatsoever to the fullest extent permitted by

Bankruptcy Code sections 363(f) and 365, other than Assumed Liabilities, as set forth in the

Selected APA.  Upon and following the consummation of the Sale, the Successful Bidder shall

be vested with good and marketable title in and to the Purchased Assets and shall be the sole and

rightful owner of the Purchased Assets.

> **O.**      **No *Sub Rosa* Plan**.  The sale of the Purchased Assets outside of a chapter 11 plan

pursuant to the Selected APA neither impermissibly restructures the rights of the Debtors'

creditors or equity security holders nor impermissibly dictates the terms of a chapter 11 plan of

the Debtors, nor does the sale of the Purchased Assets constitute an attempt by the Debtors to

circumvent the intent and purposes of sections 1125 and 1129 of the Bankruptcy Code.  The sale

of the Purchased Assets therefore does not constitute a *sub rosa* chapter 11 plan.

P.      **Personal Information.**  The primary assets of the Debtors subject to the Sale are

the Debtors' interests in the Assigned Contracts.  The Sale does not contemplate the sale or lease

of personally identifiable information under Bankruptcy Code section 363(b)(1) and does not

require the appointment of a consumer privacy ombudsman under Bankruptcy Code section 332.

Q.      **Assigned Contracts**.  The Debtors have met all of the requirements of section

365(b) of the Bankruptcy Code for each of the Assigned Contracts to be assumed, assigned, sold

and conveyed to the Successful Bidder as of the Assignment Date.  The Debtors have

demonstrated that it is an exercise of their sound business judgment for the Sellers to sell,

assume, and assign the Assigned Contracts to the Successful Bidder in connection with the

consummation of the Sale, and the assumption and assignment of the Assigned Contracts is in

the best interests of the Debtors, their estates and creditors, and all other parties in interest.  The

Assigned Contracts assigned to the Successful Bidder are a substantial portion and an integral

part of the Purchased Assets, and, accordingly, the assumption and assignment of the Assigned

Contracts and the post-Assignment Date liabilities associated therewith to the Successful Bidder

is reasonable, enhances the value of the Debtors' bankruptcy estates, and does not constitute

unfair discrimination.  For the avoidance of doubt, all Cure Amounts with respect to Assigned

Contracts shall be paid as specified in the Selected APA, and all obligations under Assigned

Contracts that come due from and after the applicable Assignment Date constitute "Assumed

Liabilities" under the Selected APA for purposes of the Sale and this Order.

R.     **Cure and Adequate Assurance**.  Subject to the terms of the Selected APA, the

Debtors have cured or demonstrated the ability to cure any default with respect to any act or

omission that occurred prior to the Closing Date under any of the Assigned Contracts.  Cure

Amounts, or any other cure amount reached by agreement after receipt of an objection to a Cure

Amount, are deemed to be the amounts necessary to "cure" within the meaning of Bankruptcy

Code section 365(b)(1) all "defaults" within the meaning of Bankruptcy Code section 365(b)

under the relevant Assigned Contracts.  The Successful Bidder's promise to perform the

obligations under the Assigned Contracts after each applicable Assignment Date shall constitute

adequate assurance of the Successful Bidder's future performance of and under the Assigned

Contracts, within the meaning of Bankruptcy Code sections 365(b)(1) and 365(f)(2).  All

counterparties to the Assigned Contracts who did not timely file an objection to a Cure Amount

or an objection to the assumption and assignment of the Assigned Contracts prior to the deadline

required by the Bidding Procedures Order are barred from doing so.  Accordingly, the Cure

Amounts are appropriate and are deemed to fully satisfy the Sellers' obligations under

Bankruptcy Code section 365(b), and all of the requirements of Bankruptcy Code section 365(b)

have been satisfied for the assumption and the assignment by the Sellers to the Successful Bidder

of each of the Assigned Contracts.  To the extent any Assigned Contract is not an executory

contract or unexpired lease within the meaning of Bankruptcy Code section 365, it shall be

transferred to the Successful Bidder in accordance with sections 363 and 105 of the Bankruptcy

Code and the terms of this Order that are applicable to the Purchased Assets.

S.     **Financing Order**.  On November 5, 2019, the Court entered a Final Order (I) (A)

Authorizing Use of Cash Collateral, (B) Granting Adequate Protection, (II) (A) Approving

Postpetition Supply Facility, (B) Granting Liens and Providing Superpriority Administrative

Expense Claims, and (III) Modifying the Automatic Stay [Docket No. __] (the "Financing Order").  Pursuant to the Financing Order and the Postpetition Supply Facility (as at any time amended, modified or supplemented), dated as of November 5, 2019, the Postpetition Secured Party has supplied electricity and natural gas on credit and electricity scheduling services with certain independent system operators and provided for the entry into physically- and financially-settled hedges (collectively, the "Hedges") relating to certain in-the-money contracts to maximize sales proceeds received under the Selected APA.  Absent the Hedges, the Debtors would not have been able to achieve as high a recovery for the Purchased Assets, as the Successful Bidder views the Hedges as an integral component of the Sale, and the Successful Bidder would have been otherwise unwilling to execute the Selected APA or proceed with the sale.

T.    **Final Order**.  This Order constitutes a final and appealable order within the meaning of 28 U.S.C. § 158(a).  Notwithstanding Bankruptcy Rules 6004(h), 6006(d), and 7062, and to the extent necessary under Bankruptcy Rule 9014 and Rule 54(b) of the Federal Rules of Civil Procedure, as made applicable by Bankruptcy Rule 7054, the Court expressly finds that there is no just reason for delay in the implementation of this Order and expressly directs entry of judgment as set forth herein.

U.    To the extent any of the previous findings of fact constitute conclusions of law, they are adopted as such.

IT IS HEREBY ORDERED THAT:

1.    The motion is GRANTED as set forth herein.  The Sale of the Purchased Assets to the Successful Bidder on the terms and conditions set forth in the Selected APA is approved.

The Debtors are authorized to consummate the transactions under the Selected APA in accordance with this Order.

2.      All objections and responses to the Motion, if any, including without limitation, any objections to Cure Amounts or the assumption and assignment of any of the Assigned Contracts that have not been withdrawn, waived, settled or resolved, all reservations of rights included therein or otherwise dealt with as expressly provided herein or on the record at the Sale Hearing are hereby overruled and denied on the merits, with prejudice.

3.      The Successful Bidder's offer for the Purchased Assets as embodied in the Selected APA, is the highest and best offer and is hereby approved.

4.      The Selected APA annexed hereto as **Exhibit 1** is hereby approved pursuant to Bankruptcy Code section 363(b).  Pursuant to Bankruptcy Code sections 105, 363, and 365, the Sellers are authorized and directed to execute, deliver, and perform their respective obligations under, and comply with the terms of, the Selected APA and consummate the Sale and the related transactions pursuant to, and in accordance with, the terms and conditions of the Selected APA and this Order.

5.      The Successful Bidder shall assume and be liable only for those liabilities attributable to the Purchased Assets expressly assumed by the Successful Bidder as Assumed Liabilities.  Except for the Assumed Liabilities, pursuant to Bankruptcy Code sections 105(a), 363(b), 363(f) and 365(b), on the Closing Date and each applicable Assignment Date, the Purchased Assets shall be transferred to the Successful Bidder as provided under the Selected APA, and such transfer shall be free and clear of all Liens, Claims and Interests of any kind or nature whatsoever, including whether in law or in equity, known or unknown, choate or inchoate, filed or unfiled, scheduled or unscheduled, notices or unnoticed, recorded or unrecorded,

perfected or unperfected, allowed or disallowed, contingent or non-contingent, liquidated or

unliquidated, matured or unmatured, material or non-material, disputed or undisputed, direct or

indirect, and whether arising by agreement, understanding, law, equity or otherwise, and whether

occurring or arising before, on or after the Petition Date, or occurring or arising prior to the

closing or applicable Assignment Date.  Any and all such liens, claims and interests shall attach

to the proceeds received by the Debtors attributable to the Purchased Assets against which they

assert an interest, if any, in order of their priority, with the same validity, force and effect, if any,

which they now have against such Purchased Assets.

6.      Except for Assumed Liabilities, the Purchased Assets shall be transferred to the

Successful Bidder on the Closing Date free and clear of any Successor Liability Claims to the

fullest extent permitted by Bankruptcy Code section 363(f) and applicable non-bankruptcy law.

7.      All persons and entities are prohibited and enjoined from taking any action to

adversely affect or interfere with the ability of the Sellers to transfer the Purchased Assets to the

Successful Bidder in accordance with the Selected APA and this Order, and, to the fullest extent

permitted by Bankruptcy Code section 363(f), from asserting any Liens, Claims, Interests or

Successor Liability Claims against the Purchaser or the Purchased Assets after the Closing Date.

8.      Upon the Closing Date, any Lien, Claim or Interest in the Purchased Assets that is

not an Assumed Liability shall attach to the proceeds of the Sale in the same amount, to the same

extent and with the same priority as it had with respect to the Purchased Assets, and subject to

the same defenses.  If any person or entity that has filed financing statements, mortgages,

mechanics' liens, *lis pendens* or other documents or agreements evidencing a Lien, Claim or

Interest in the Purchased Assets shall not have delivered to the Debtors prior to the Closing Date,

in proper form for filing and executed by the appropriate parties, termination statements,

instruments of satisfaction, releases of liens and easements, and any other documents necessary for the purpose of documenting the release of all Liens, Claims or Interests that the person or entity has or may assert with respect to any of the Purchased Assets, the Debtors and the Successful Bidder are each authorized, but not required, to file, register or otherwise record a certified copy of this Order, which shall constitute conclusive evidence of the release of such Liens, Claims or Interests.  Each and every federal, state and local governmental agency or department is hereby directed to accept any and all documents and instruments necessary and appropriate to consummate the transactions contemplated by the Selected APA, including, without limitation, recordation of this Order.  This Order shall be binding upon and shall govern the acts of all Persons including without limitation, all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, administrative agencies, governmental departments (including all taxing authorities), secretaries of state, federal, state and local officials, and all other Persons who may be required by operation of law, the duties of their office or contract, to accept, file, register or otherwise record or release any documents or instruments, or who may be required to report or insure any title or state of title in or to any of such assets or other property interests.

9.    The Sale is self-executing, and neither the Debtors nor the Successful Bidder shall be required to execute or file releases, termination statements, assignments, consents or other instruments to effectuate, consummate and implement the provisions of this Order.

10.    Pursuant to Bankruptcy Code section 365, the assumption and assignment of the Assigned Contracts by the Successful Bidder, is hereby authorized and approved in all respects. As a condition to the Debtors' assumption and assignment of the Assigned Contracts to the Successful Bidder, all Cure Amounts owing to the counterparties to the Assumed Contracts that

are assumed as of the applicable Assignment Date shall be paid in accordance with the Selected

APA.  Upon each applicable Assignment Date, in accordance with Bankruptcy Code sections

105(a), 363 and 365, the Successful Bidder shall be fully and irrevocably vested with all right,

title, and interest of the Debtors under the Assigned Contracts, and the Assigned Contracts shall

remain in full force and effect for the benefit of the Successful Bidder.  The Successful Bidder

has provided adequate assurance of future performance under the Assigned Contracts within the

meaning of Bankruptcy Code section 365.  Notwithstanding the foregoing or any other order of

this Court entered in these Chapter 11 Cases, the Successful Bidder may remove any Assigned

Contract from the list of contracts to be assumed and assigned to the Successful Bidder in

accordance with the Selected APA.

11.    Any provision in any Assigned Contract or applicable law that purports to declare

a breach, default or payment right as a result of an assignment or a change of control in respect

of the Sellers or grants a right to terminate an Assigned Contract or avoid such an assignment or

otherwise conditions or restricts assignment is unenforceable, and all Assigned Contracts shall

remain in full force and effect, subject only to payment of the appropriate Cure Amount, if any.

No sections or provisions of any Assigned Contract or applicable law that purport to provide for

additional payments, penalties, charges or other financial accommodations resulting from

assignment of the Assigned Contract in favor of the non-Debtor party to the Assigned Contract

or any other person shall have any force and effect with respect to the assignments authorized by

this Order, and such provisions constitute unenforceable antiassignment provisions under

Bankruptcy Code section 365(f) and/or are otherwise unenforceable under Bankruptcy Code

section 365(e).  Any argument that the Assigned Contracts may not be assumed, assigned, and

sold pursuant to section 363(f) of the Bankruptcy Code, including, but not limited to, any

purported prohibition on assumption and assignment provided under section 365(c) of the Bankruptcy Code, is hereby overruled. No assignment of any Assigned Contract to the Successful Bidder pursuant to the terms of the Selected APA and this Order shall in any respect constitute a default under any Assigned Contract or require the provision of adequate protection in favor of any non-Debtor counterparty to an Assigned Contract. No person, including the non-Debtor counterparties to the Assigned Contracts, has objected to the assignment under Bankruptcy Code section 365(c)(1)(B) within the times specified by this Court's prior orders, and are now barred from doing so. The Successful Bidder shall enjoy all of the Sellers' rights and benefits under each such Assigned Contract as of the applicable Assignment Date without the necessity of obtaining such non-Debtor counterparty's written consent to the assumption or assignment thereof.

12.    The payment of Cure Amounts under the Selected APA and this Order (a) cures all monetary defaults existing thereunder as of the assignment of the Assigned Contract to the Successful Bidder in accordance with the terms of the Selected APA, (b) compensates the applicable non-Debtor counterparties for any actual pecuniary loss resulting from such default, and (c) together with the evidence proffered or adduced at the Sale Hearing and the assumption of the Assigned Contract by the Sellers and the assignment of the Assigned Contract to the Successful Bidder constitutes adequate assurance of future performance thereof. With respect to each non-Debtor counterparty to an Assigned Contract who failed to timely object to a Cure Amount, such Cure Amount shall be deemed to be finally determined and any such counterparty shall be prohibited from challenging, objecting to or denying the validity and finality of the Cure Amount at any time, and the Cure Amount, when paid, shall completely revive, and cure any default under, any Assigned Contract to which it relates.

17

13.     The Selected APA and the Sale contemplated hereunder shall not be subject to any bulk sales laws or any similar law of any state or jurisdiction.

14.     The stays provided for in Bankruptcy Rules 6004(h) and 6006(d) are hereby waived for cause, and this Order shall be effective immediately upon its entry.

15.     The terms of this Order shall be binding on the Successful Bidder and its successors, the Debtors, creditors of, and equity holders in, the Debtors, and all other parties in interest in these Chapter 11 Cases, including, without limitation, holders of Liens, Claims, or Interests, and all non-Debtor parties to Assigned Contracts, and any successors of the Debtors, including any trustee or examiner appointed in any of these cases or upon a conversion of any of these cases to Chapter 7 of the Bankruptcy Code.  The Selected APA and associated transactions shall not be subject to rejection or avoidance (whether through any avoidance, fraudulent transfer, preference or recovery, claim, action, or proceeding arising under chapter 5 of the Bankruptcy Code or under any similar state or federal law or any other cause of action) by the Debtors, any chapter 7 or chapter 11 trustee appointed in the Debtors' bankruptcy cases, or any other person or entity.  The Selected APA, this Order, and the Debtors' obligations therein and herein shall not be altered, impaired, amended, rejected, discharged, or otherwise affected by any chapter 11 plan proposed or confirmed in these Chapter 11 Cases, any order confirming any chapter 11 plan or any subsequent order of this Court without the prior written consent of the Successful Bidder.

16.     The Successful Bidder is a good faith purchaser entitled to the benefits, protections and immunities afforded by Bankruptcy Code section 363(m), and the provisions of Bankruptcy Code section 363(n) have not been violated.  No reversal or modification of this Order on appeal will affect the validity of the Selected APA or the transaction contemplated

18

thereby.  The Successful Bidder is not an "insider" as defined by Bankruptcy Code section 101.

Neither the Debtors nor the Successful Bidder are or will be entering into the Selected APA

fraudulently, or for the purposes of hindering, delaying, or defrauding any of the Debtors'

creditors, and the Final Purchase Price (as defined in the Selected APA) constitutes reasonably

equivalent and fair value (as those terms or their equivalents are defined by the Uniform

Fraudulent Conveyance Act, the Uniform Fraudulent Transfer Act, and Bankruptcy Code section

548) for the Purchased Assets.

17.    With respect to the transactions consummated pursuant to this Order, this Order

shall be sole and sufficient evidence of the transfer of title to the Successful Bidder, and the sale

transaction consummated pursuant to the Selected APA and this Order and shall be binding on

all persons and entities who may be required by operation of law, the duties of their office, or

contract, to accept, file, register, or otherwise record or release any documents or instruments, or

who may be required to report or insure any title or state of title in or to any of the property sold

pursuant to the Selected APA and this Order, including without limitation, all filing agents, filing

officers, title agents, title companies, recorders of mortgages, recorders of deeds, administrative

agencies, governmental departments, secretaries of state, and federal, state, and local officials,

who are hereby authorized to act in accordance with this Order and authorized to rely upon this

Order in consummating the transactions contemplated hereby.

18.    To the extent applicable, the automatic stay of Bankruptcy Code section 362 is

hereby lifted with respect to the Successful Bidder to the extent necessary, without further order

of the Court, to allow the Successful Bidder to (a) give the Debtors any notice provided for in the

Selected APA, and (b) take any and all actions permitted by the Selected APA and/or this Order.

19.     The failure specifically to include any particular provision of the Selected APA or any of the documents, agreements, or instruments executed in connection therewith in this Order shall not diminish or impair the force of such provision, document, agreement, or instrument, it being the intent of the Court that the Selected APA and each document, agreement, or instrument be authorized and approved in its entirety.

20.     The Selected APA and any related agreements, documents, or other instruments may be modified, amended, or supplemented by the parties thereto in accordance with the terms thereof without further order of the Court, provided that any such modification, amendment, or supplement does not have a material adverse effect on the Debtors' estates.

21.     Notwithstanding anything to the contrary herein, nothing contained in this Order shall affect, alter, or impair the rights and remedies or defenses of the Estates or the Successful Bidder with regard to (i) the Selected APA, including with respect to any purported breach of the Selected APA, or (ii) any purported breach of this Order.

22.     In the event either the Debtors or the Successful Bidder issues any notices pursuant to Sections 2.07(a), 7.06, 10.01, 10.02, 11.01 or 11.02 of the Selected APA, or issues a notice of breach of the Selected APA, such party shall simultaneously with the issuance of any such notice, and in the same form and manner, provide a copy to counsel for the Committee.

23.     The Successful Bidder shall waive the condition in Section 9.02(e) of the Selected APA, subject to entry of the Financing Order.

24.     The Successful Bidder shall reasonably cooperate with the Debtors, the Committee and any liquidation trustee appointed under a chapter 11 plan by providing reasonable access to documents and information purchased and/or controlled by the Successful Bidder as reasonably necessary to facilitate a wind-down of the estates, confirmation of a chapter

11 plan, distribution to creditors, reconciliation of claims or other function as reasonably requested by Debtors, the Committee and any liquidation trustee. For the avoidance of doubt, cooperation of the Successful Bidder pursuant to this paragraph shall not require the Successful Bidder to incur or bear any expense.

25.     The Successful Bidder shall have standing in the Bankruptcy Court to seek to enforce the provisions of this Order including, without limitation, enforcement of the Debtors' right to sell, transfer, assume, and assign to the Successful Bidder all Assigned Contracts.

26.     This Court retains jurisdiction to interpret, implement and enforce the provisions of, and resolve any disputes arising under or related to, this Order and the Selected APA, all amendments thereto, any waivers and consents thereunder, and each of the agreements executed in connection therewith.

Dated: November 7, 2019            /s/Robert D. Drain_____ _
     White Plains, New York            THE HONORABLE ROBERT D. DRAIN
                                        UNITED STATES BANKRUPTCY JUDGE