Hearing Date: January 29, 2020, at 2:00 p.m. (prevailing Eastern Time)
Objection Deadline: January 22, 2020, at 4:00 p.m. (prevailing Eastern Time)

**MCDERMOTT WILL & EMERY LLP**
Timothy W. Walsh
Darren Azman
Ravi Vohra
340 Madison Avenue
New York, New York 10173
Telephone: (212) 547-5615
Facsimile:  (212) 547-5444

*Counsel to the Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| AGERA ENERGY LLC, *et al.*,[1] | ) | Case No. 19-23802 (RDD) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**NOTICE OF HEARING ON DEBTORS' MOTION TO EXTEND THE**
**DEBTORS' EXCLUSIVE PERIODS TO FILE A CHAPTER 11 PLAN**
**AND SOLICIT ACCEPTANCES THEREOF PURSUANT TO**
**SECTION 1121 OF THE BANKRUPTCY CODE**

**PLEASE TAKE NOTICE** that on January 6, 2020, the above-captioned debtors and debtors in possession (collectively, the "Debtors") filed the *Debtors' Motion to Extend Exclusive Periods to File a Chapter 11 Plan and Solicit Acceptances Thereof Pursuant to Section 1121* (the "Motion to Extend Exclusivity Periods").  A hearing (the "Hearing") on the Motion to Extend Exclusivity Periods will be held before the Honorable Robert D. Drain, United States Bankruptcy Judge, in the United States Bankruptcy Court for the Southern District of New York,

---

[1] The Debtors, together with the last four digits of each Debtor's federal tax identification number, are: Agera Energy LLC (8122); Agera Holdings, LLC (3335); energy.me midwest llc (9484); Aequitas Energy, Inc. (7988); Utility Recovery LLC (4351); and Agera Solutions LLC (8749).  The location of the Debtors' corporate headquarters and the service address for all Debtors is 555 Pleasantville Road, S-107, Briarcliff Manor, NY 10510.

300 Quarropas Street, White Plains, New York 10601, on **January 29, 2020 at 2:00 p.m. (Prevailing Eastern Time)**, or as soon thereafter as counsel may be heard.

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the Motion to Extend Exclusivity Periods must comply with the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules, and be filed with the Bankruptcy Court (a) by attorneys practicing in the bankruptcy court, including attorneys admitted *pro hac vice*, electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov), and (b) by all other parties in interest, on a CD-ROM, in text searchable portable document format (PDF) (with a hard copy delivered directly to Chambers), in accordance with the customary practices of the Bankruptcy Court and General Order M-399, to the extent applicable, and served in accordance with the *Order (A) Establishing Certain Notice, Case Management, and Administrative Procedures and (B) Granting Related Relief* [Docket No. 96] (the "Case Management Procedures Order"). Objections, if any, to the Motion to Extend Exclusivity Periods shall be filed and served, with a copy to the Court's chambers, in a manner consistent with the Case Management Procedures Order by **January 22, 2020 at 4:00 p.m., prevailing Eastern Time** (the "Objection Deadline").

**PLEASE TAKE FURTHER NOTICE** that if no objections are timely filed and served with respect to the Motion to Extend Exclusivity Periods, the Debtors shall, on or after the Objection Deadline, submit to the Court an order substantially in the form attached as **Exhibit A** hereto, which order the Court may enter with no further notice or opportunity to be heard.

**PLEASE TAKE FURTHER NOTICE** that copies of the Motion to Extend Exclusivity Periods may be obtained free of charge by visiting the website of Stretto at http://cases.stretto.com/agera. You may also obtain copies of any pleadings by visiting the Court's website at http://www.nysb.uscourts.gov in accordance with the procedures and fees set forth therein.

| | |
|---|---|
| Dated: January 6, 2020<br>New York, NY | M<small>C</small>D<small>ERMOTT</small> W<small>ILL</small> & E<small>MERY</small> LLP<br><br>/s/ Darren Azman<br>Timothy W. Walsh<br>Darren Azman<br>Ravi Vohra<br>340 Madison Avenue<br>New York, NY 10173<br>Telephone: (212) 547-5615<br>Facsimile: (212) 547-5444<br>Email: dazman@mwe.com<br>           rvohra@mwe.com<br><br>*Counsel to the Debtors and*<br>*Debtors in Possession* |

3

**Hearing Date: January 29, 2020, at 2:00 p.m. (prevailing Eastern Time)**
**Objection Deadline: January 22, 2020, at 4:00 p.m. (prevailing Eastern Time)**

**MCDERMOTT WILL & EMERY LLP**
Timothy W. Walsh
Darren Azman
Ravi Vohra
340 Madison Avenue
New York, New York 10173
Telephone: (212) 547-5615
Facsimile: (212) 547-5444

*Counsel to the Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| AGERA ENERGY LLC, *et al.*,[1] | ) | Case No. 19-23802 (RDD) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**DEBTORS' MOTION TO EXTEND EXCLUSIVE PERIODS TO FILE**
**A CHAPTER 11 PLAN AND SOLICIT ACCEPTANCES THEREOF**
**PURSUANT TO BANKRUPTCY CODE SECTION 1121**

Agera Energy LLC and the above-captioned debtors, as debtors and debtors in possession (collectively, the "Debtors") in these chapter 11 cases (these "Chapter 11 Cases"), hereby submit this motion (this "Motion") for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Order"), extending the Debtors' exclusive right to file a chapter 11 plan through and including April 3, 2020 (the "Filing Exclusivity Period"), and to solicit votes thereon through and including June 1, 2020 (the "Soliciting Exclusivity Period" and, together with the

---

[1] The Debtors, together with the last four digits of each Debtor's federal tax identification number, are: Agera Energy LLC (8122); Agera Holdings, LLC (3335); energy.me midwest llc (9484); Aequitas Energy, Inc. (7988); Utility Recovery LLC (4351); and Agera Solutions LLC (8749). The location of the Debtors' corporate headquarters and the service address for all Debtors is 555 Pleasantville Road, S-107, Briarcliff Manor, NY 10510.

Filing Exclusivity Period, the "Exclusivity Periods").  In support of this Motion, the Debtors respectfully state as follows:

## JURISDICTION AND VENUE

1.      The United States Bankruptcy Court for the Southern District of New York (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of New York*, dated January 31, 2012.

2.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The statutory bases for the relief requested herein are section 1121(d) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## BACKGROUND

4.      On October 4, 2019 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

5.      The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108.

6.      On October 11, 2019, the United States Trustee for the Southern District of New York (the "U.S. Trustee") appointed an official committee of unsecured creditors (the "Committee") pursuant to Bankruptcy Code section 1102 [Docket No. 61].  No trustee, examiner, or other official committee has been appointed in these Chapter 11 Cases.

7.      The factual background regarding the Debtors, including a description of the Debtors' business, capital structure, and the circumstances leading to these Chapter 11 Cases, is set forth in the *Declaration of Todd Sandford Pursuant to Rule 1007-2 of the Local Bankruptcy*

2

*Rules for the Southern District of New York in Support of the Debtors' Chapter 11 Petitions and First Day Pleadings* [Docket No. 3], which is incorporated herein by reference.

## RELEVANT BACKGROUND

8. In the less than three months since the Petition Date, the Debtors have made substantial progress, including securing debtor in possession financing from BP Energy Company ("BP") and closing a sale and assignment of a significant portion of the Debtors' customer contracts to Exelon Generation Company, LLC (the "Sale"). While a great deal of work remains, the Debtors are working diligently towards confirming a plan of liquidation and concluding these Chapter 11 Cases.

9. Among numerous other steps the Debtors have made toward a successful conclusion of these Chapter 11 Cases through a plan of liquidation, the Debtors have:

- successfully transitioned into chapter 11, beginning with the filing of the petitions and approval of approximately 17 first day motions, including a motion to approve bidding procedures related to the Sale and motions for authority to pay certain taxes and vendors, continue important insurance programs, honor wages and certain employee benefit programs in the ordinary course of business, and maintain their cash management system;

- extensively negotiated and obtained final approval for debtor in possession financing (the "DIP Financing") and consensual use of cash collateral from BP [Docket No. 221];

- resolved objections to the motions for operational relief and DIP Financing;

- negotiated an asset purchase agreement related to the Sale and closed the Sale on November 20, 2019;

- undertaken an investigation of potential estate claims and causes of action and initiated an adversary proceeding related to the violation of a non-solicitation agreement;

- prepared and submitted schedules of assets and liabilities and statements of financial affairs for each Debtor, which required review and analysis of hundreds of claims, assets, and contracts;

3

- obtained entry of the claims bar date order in these Chapter 11 Cases to facilitate the timely administration of their claims pool;

- obtained approval of the Debtors' key employee retention plan and key employee incentive plan;

- engaged in extensive discussions and negotiations with the Committee and BP with the ultimate goal of building consensus around the Sale and other aspects of these Chapter 11 Cases, as well as reducing administrative costs;

- prepared for and successfully argued a number of motions at multiple omnibus hearings;

- drafted and circulated a plan term sheet outlining the key terms of the Debtors' chapter 11 plan; and

- addressed numerous diligence requests, questions, concerns, and issues raised by employees, vendors, customers, and other parties in interest.

10. Despite this significant progress toward filing a plan, given the size and complexity of these Chapter 11 Cases, much work remains. Among other things, the Debtors continue to focus on completing a thorough independent investigation of the estate claims and causes of action and analyzing and negotiating the terms of the Debtors' chapter 11 plan, all with the ultimate goal of a value-maximizing confirmation process and the Debtors' timely and efficient conclusion of these Chapter 11 Cases through a liquidating plan.

11. The Debtors therefore believe it is prudent to seek a 60-day extension of the filing exclusivity period to permit the Debtors to proceed toward their goal of confirming a value-maximizing chapter 11 plan of liquidation in an efficient, organized fashion. Further, the Debtors consulted with and provided their key stakeholders, including the Committee and the U.S. Trustee, with an opportunity to review and comment on the Debtors' requested extension.

12. The Debtors' progress to date has been achieved in no small part due to the breathing room provided by chapter 11. The Debtors believe that maintaining their exclusive right to file and solicit votes on a plan is critical to their ability to complete a value-maximizing

4

process. Accordingly, the Debtors request an extension of the Exclusivity Periods to allow the Debtors to begin the plan confirmation process without the costly disruption that would occur if competing plans were to be proposed.

## RELIEF REQUESTED

13. The Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A**, extending the Filing Exclusivity Period by 60 days through and including April 3, 2020 and the Soliciting Exclusivity Period to solicit votes thereon by approximately 60 days through and including June 1, 2020, without prejudice to the Debtors' right to seek further extensions to the Exclusivity Periods.

## BASIS FOR RELIEF

14. A debtor has the exclusive right to propose a chapter 11 plan for the first 120 days of a chapter 11 case pursuant to Bankruptcy Code section 1121(b). Bankruptcy Code section 1121(c)(3) extends the period of exclusivity for an additional 60 days, to an initial maximum of 180 days, where the debtor has filed a chapter 11 plan and is soliciting votes on such plan. "[T]he point of exclusivity is to promote an environment in which the debtor's business may be rehabilitated and a consensual plan may be negotiated." *In re Burns and Roe Enters., Inc.*, No. 00-41610 (RG), 2005 WL 6289213, at *4 (D.N.J. Nov. 2, 2005). In these Chapter 11 Cases, the Exclusivity Periods set forth in Bankruptcy Code sections 1121(b) and 1121(c) will expire on February 1, 2020 and April 1, 2020, respectively, absent further order of the Court. The Debtors seek an extension of the Exclusivity Periods to continue working toward their goal of confirming a value-maximizing chapter 11 plan.

15. Bankruptcy Code section 1121(d)(1) permits a court to extend a debtor's exclusivity "for cause," subject to certain limitations not relevant here. Specifically, section

1121(d) provides that "on request of a party in interest made within the respective periods . . . of this section and after notice and a hearing, the court may for cause reduce or increase the 120-day period or the 180-day period referred to in this section." Although the term "cause" is not defined by the Bankruptcy Code, such term should be viewed flexibly in this context "to allow the debtor to reach an agreement." H.R. Rep. No. 95, 95th Cong., 1st Sess. 232 (1997); *see also In re Public Serv. Co. of New Hampshire*, 88 B.R. 521, 533-34 (Bankr. D.N.H. 1988) ("legislative intent . . . [is] to afford maximum flexibility"). Simply put, a debtor should be given a reasonable opportunity to negotiate an acceptable plan with creditors and to prepare adequate financial and nonfinancial information concerning the ramifications of any proposed plan for disclosure to creditors. *See In re Texaco Inc.*, 76 B.R. 322, 327 (Bankr. S.D.N.Y. 1987).

16.     Courts within the Second Circuit and in other jurisdictions have held that the decision to extend the Exclusivity Periods is left to the sound discretion of a bankruptcy court and should be based on the totality of circumstances in each case. *See, e.g.*, *In re Excel Mar. Carriers Ltd.*, No. 13-23060 (RDD), 2013 WL 5155040, at *2 (Bankr. S.D.N.Y. Sept. 13, 2013); *In re Dow Corning Corp.*, 208 B.R. 661, 664 (Bankr. E.D. Mich. 1997); *In re McLean Indus., Inc.*, 87 B.R. 830, 834 (Bankr. S.D.N.Y. 1987); *First Am. Bank of N.Y. v. Sw. Gloves & Safety Equip., Inc.*, 64 B.R. 963, 965 (Bankr. D. Del. 1986). In general, as long as debtors give the court "no reason to believe that they are abusing their exclusivity rights . . . [a] requested extension of exclusivity . . . should be granted." *In re Global Crossing Ltd.*, 295 B.R. 726, 730 (Bankr. S.D.N.Y. 2003); *see also In re Borders Grp., Inc.*, 460 B.R. 818, 822 (Bankr. S.D.N.Y. 2011) (noting the debtors' "substantial efforts . . . to stabilize their business and develop a viable exit strategy"). In particular, courts examine a number of factors to determine whether a debtor has had an adequate opportunity to develop, negotiate, and propose a chapter 11 plan and thus

6

whether there is "cause" for extension of the Exclusivity Periods. *See In re Adelphia Commc'ns Corp.*, 336 B.R. 610, 674 (Bankr. S.D.N.Y. 2006); *In re Cent. Jersey Airport Servs., LLC*, 282 B.R. 176, 183 (Bankr. D.N.J. 2002); *McLean Indus.*, 87 B.R. at 834; *see also Dow Corning*, 208 B.R. at 664 (identifying the below factors and noting that courts generally rely on the same factors to determine whether exclusivity should be extended); *In re Friedman's Inc.*, 336 B.R. 884, 888 (Bankr. D. Ga. 2005) (same). These factors include the following:

    (a)    the size and complexity of the case;

    (b)    the existence of good faith progress toward reorganization;

    (c)    the necessity of sufficient time to negotiate a plan of reorganization and prepare adequate information to allow a creditor to determine whether to accept such plan;

    (d)    whether the debtor is paying its debts as they become due;

    (e)    whether the debtor has demonstrated reasonable prospects for filing a viable plan;

    (f)    whether the debtor has made progress negotiating with creditors;

    (g)    the amount of time which has elapsed in the case;

    (h)    whether the debtor is seeking an extension to pressure creditors; and

    (i)    whether an unresolved contingency exists.

17. Not all of these factors are relevant to every case and courts use only the relevant subset of the above factors to determine whether cause exists to grant an exclusivity extension in a particular chapter 11 case. *See, e.g.*, *In re Express One Int'l Inc.*, 194 B.R. 98, 100 (Bankr. E.D. Tex. 1996) (identifying four of the factors as relevant in determining whether "cause" exists to extend exclusivity); *In re United Press Int'l, Inc.*, 60 B.R. 265, 269 (Bankr. D.D.C. 1986) (finding that the debtor showed "cause" to extend exclusivity based upon three of the factors); *In re Texaco, Inc.*, 76 B.R. at 327 (holding that size and complexity of the chapter 11 case provided

sufficient cause to extend exclusivity).  For example, both Congress and courts have recognized that the size and complexity of a debtor's case alone may constitute cause for extension of a debtor's exclusive periods to file a plan and solicit acceptances of such a plan. H.R. No. 95-595, at 231–232, 406 (1978), *reprinted in* 1978 U.S.C.C.A.N. 5787, 6191 ("[I]f an unusually large company were to seek reorganization under chapter 11, the court would probably need to extend the time in order to allow the debtor to reach an agreement."); *see also Texaco*, 76 B.R. at 326 ("The large size of the debtor and the consequent difficulty in formulating a plan of reorganization for a huge debtor with a complex financial structure are important factors which generally constitute cause for extending the exclusivity periods.").

18. Since the Petition Date, the Debtors have engaged with the Committee, BP, and additional key stakeholders in an effort to begin to build consensus on the terms of the Debtors' plan of liquidation and ultimate conclusion of these Chapter 11 Cases.  Due to the circumstances surrounding the Debtors' chapter 11 filings, these discussions are still in early stages.  An extension of the Exclusivity Periods will thus provide the Debtors with the necessary time and breathing space required to efficiently negotiate a plan and take the necessary steps toward concluding these Chapter 11 Cases.

19. The Debtors submit that sufficient "cause" exists pursuant to Bankruptcy Code section 1121(d) to extend the Exclusivity Periods as provided herein.  Each of the relevant factors weighs in favor of an extension of the Exclusivity Periods, as follows:

- *The Debtors' Chapter 11 Cases Are Large and Complex.*  These Chapter 11 Cases involve several Debtor entities, which, as of the Petition Date, maintained active operations in 16 state for more than 35,000 customers comprised of approximately 75,000 accounts in the highly regulated retail energy industry. Further, the Debtors had, as of the Petition Date, more than $278 million of prepetition debt and hundreds of creditors and other parties in interest.

8

- *The Debtors Have Made Good Faith Progress Toward Exiting Chapter 11.* The Debtors have already satisfied several key milestones necessary for their ultimate chapter 11 plan of liquidation, including the negotiation and implementation of the DIP Financing, the closing of the Sale, the completion and filing of their schedules and statements, and the setting of a claims bar date. The Debtors have started discussions around the terms of the plan with the Committee and BP, but require additional time to explore alternatives and build consensus.

- *An Extension of the Exclusivity Periods Will Not Prejudice Creditors.* Continued exclusivity will permit the Debtors to maintain flexibility so competing plans do not derail the Debtors' process. Being required to dual-track negotiations across multiple plans could give rise to destructive uncertainty to the detriment of all stakeholders. Moreover, throughout these Chapter 11 Cases, the Debtors have had ongoing and transparent communications with their major creditor groups and continue to meet their postpetition obligations in the ordinary course. Ultimately, extending the Exclusivity Periods will benefit the Debtors' estates, their creditors, and all other key parties in interest.

- *The Debtors Are Paying Their Bills as They Come Due.* Since the Petition Date, the Debtors have paid their vendors in the ordinary course of business or as otherwise provided by orders of the Court. Importantly, the Debtors maintain their ability to continue to pay their bills throughout these Chapter 11 Cases in light of the liquidity provided by the DIP Financing and through the use of cash collateral.

- *The Debtors Have Demonstrated Reasonable Prospects for Filing a Viable Plan.* During their short time in chapter 11, the Debtors have already taken significant steps toward liquidation, including closing the Sale, preparing and and filing of their schedules of assets and liabilities and statements of financial affairs, and maintaining ongoing dialogue and communication with the Committee, BP, and their advisors regarding a plan and related steps in furtherance thereof. The Debtors have constructively engaged with these key constituencies to date and simply require additional time to build consensus.

- *These Cases Are Less Than Three Months Old.* The Debtors' request for an extension of the Exclusivity Periods is the Debtors' first such request and comes less than three months after the Petition Date. During this short time, the Debtors have accomplished a great deal and continue to work diligently towards a timely submission of a plan. Due to the complex nature of these Chapter 11 Cases, more time is required.

- *An Extension Will Not Pressure Creditors.* The Debtors are not seeking an extension of the Exclusivity Periods to pressure or prejudice any of their stakeholders. All creditor groups or their advisors have had an opportunity to

9

actively participate in substantive discussions with the Debtors throughout these Chapter 11 Cases. Further, the Debtors consulted with and provided their key stakeholders, including the Committee and U.S. Trustee, with an opportunity to review and comment on the Debtors' request for an extension of the Exclusivity Periods. The Debtors are seeking an extension of the Exclusivity Periods to preserve and capitalize on the progress made to date in their plan negotiations.

20. An objective analysis of the relevant factors demonstrates that the Debtors are doing everything that they should be doing as chapter 11 debtors to facilitate a successful conclusion to these Chapter 11 Cases. Accordingly, the Debtors respectfully submit that sufficient cause exists to extend the Exclusivity Periods as provided herein. Similar relief is regularly granted in large chapter 11 cases in this district. *See*, *e.g.*, *In re Pacific Drilling S.A.*, Case No. 17-13193 (MEW) (Bankr. S.D.N.Y. March 8, 2018) [Docket No. 248] (extending the debtors' exclusive periods by 120 days); *In re Avaya Inc.*, Case No. 17-10089 (SMB) (Bankr. S.D.N.Y. May 25, 2017) [Docket No. 673] (same); *In re SunEdison, Inc.*, Case No. 16-10992 (SMB) (Bankr. S.D.N.Y. Aug. 11, 2016) [Docket No. 970] (same); *In re Republic Airways Holdings Inc.*, Case No. 16-10429 (SHL) (Bankr. S.D.N.Y. May 27, 2016) [Docket No. 610] (190 days); *In re Residential Capital, LLC*, Case No. 12-12020 (MG) (Bankr. S.D.N.Y. Sept. 11, 2012) [Docket No. 1413] (270 days); *In re Eastman Kodak Co.*, Case No. 12-10202 (ALG) (Bankr. S.D.N.Y. May 1, 2012) [Docket No. 1062] (180 days).

## MOTION PRACTICE

21. This motion includes citations to the applicable rules and statutory authorities upon which the relief requested herein is predicated and a discussion of their application to this motion. Accordingly, the Debtors submit that this motion satisfies Local Rule 9013-1(a).

**NOTICE**

22. The Debtors will provide notice of this Motion to: (a) the U.S. Trustee; (b) counsel to the Committee; (c) counsel to BP Energy Company; (d) counsel to Exelon Generation Company, LLC; (e) the Internal Revenue Service; (f) the United States Attorney for the Southern District of New York; and (g) any party that has requested notice pursuant to Bankruptcy Rule 2002. The Debtors submit that, under the circumstances, no other or further notice is required.

**NO PRIOR REQUEST**

23. No prior motion for the relief requested herein has been made to or any other Court.

WHEREFORE, the Debtors respectfully requests that the Court enter the order granting the relief requested herein and such other relief as the Court deems appropriate under the circumstances.

Dated: January 6, 2020
      New York, NY

Respectfully submitted,

**MCDERMOTT WILL & EMERY LLP**

/s/ Darren Azman
Timothy W. Walsh
Darren Azman
Ravi Vohra
340 Madison Avenue
New York, NY 10173
Telephone: (212) 547-5615
Facsimile: (212) 547-5444
Email: dazman@mwe.com
       rvohra@mwe.com

*Counsel to the Debtors and
Debtors in Possession*

## Exhibit A

Proposed Order

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| AGERA ENERGY LLC, *et al.*,[1] | ) ) | Case No. 19-23802 (RDD) |
| Debtors. | ) ) ) | (Jointly Administered) |

### ORDER EXTENDING THE DEBTORS' EXCLUSIVE PERIODS TO FILE A CHAPTER 11 PLAN AND SOLICIT ACCEPTANCES THEREOF PURSUANT TO SECTION 1121 OF THE BANKRUPTCY CODE

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of this order: (a) extending the Filing Exclusivity Period through and including April 3, 2020, and the Soliciting Exclusivity Period through and including June 1, 2020, without prejudice to the Debtors' right to seek further extensions to the Exclusivity Periods, and (b) granting related relief, all as more fully set forth in the Motion; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of New York*, dated February 1, 2012; and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be

---

[1] The Debtors, together with the last four digits of each Debtor's federal tax identification number, are: Agera Energy LLC (8122); Agera Holdings, LLC (3335); energy.me midwest llc (9484); Aequitas Energy, Inc. (7988); Utility Recovery LLC (4351); and Agera Solutions LLC (8749). The location of the Debtors' corporate headquarters and the service address for all Debtors is 555 Pleasantville Road, S-107, Briarcliff Manor, NY 10510.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing, if any, before this Court (the "Hearing"); and this Court having overruled and denied any responses or objections to the Motion that have not been previously withdrawn or otherwise resolved; and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted as set forth herein.

2. Pursuant to Bankruptcy Code section 1121(d), the Filing Exclusivity Period under Bankruptcy Code section 1121(b) is hereby extended from February 1, 2020 through and including April 3, 2020.

3. Pursuant to Bankruptcy Code section 1121(d), the Soliciting Exclusivity Period under Bankruptcy Code section 1121(c) is hereby extended from April 1, 2020 through and including June 1, 2020.

4. Nothing herein shall prejudice the Debtors' rights to seek further extensions of the Exclusivity Periods consistent with Bankruptcy Code section 1121(d).

5. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

6. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: _____, 2020              _____
White Plains, New York                     THE HONORABLE ROBERT D. DRAIN
                                           UNITED STATES BANKRUPTCY JUDGE