**KILPATRICK TOWNSEND & STOCKTON LLP**
Todd C. Meyers, Esq.
The Grace Building
1114 Avenue of the Americas
New York, NY 10036-7703
Telephone: (212) 775-8700
Facsimile: (212) 775-8800

*Counsel to the Official Committee of Unsecured Creditors of Agera Energy, LLC, et al.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| AGERA ENERGY LLC, ET AL., | Case No. 19-23802 (RDD) |
| Debtors.[1] | (Jointly Administered) |

**LIMITED OBJECTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO DEBTORS' MOTION TO EXTEND EXCLUSIVE PERIODS TO FILE A CHAPTER 11 PLAN AND SOLICIT ACCEPTANCES THEREOF PURSUANT TO BANKRUPTCY CODE SECTION 1121**

The Official Committee of Unsecured Creditors of the above-captioned debtors and debtors in possession (the "Committee") hereby files this limited objection (the "Objection") to the *Debtors' Motion to Extend Exclusive Periods to File a Chapter 11 Plan and Solicit Acceptances Thereof Pursuant to Bankruptcy Code Section 1121* [ECF No. 374] (the "Motion"). In support of the Objection, the Committee respectfully submits as follows:

---

[1] The Debtors, together with the last four digits of each Debtor's federal tax identification number, are: Agera Energy LLC (8122); Agera Holdings, LLC (3335); energy.me midwest llc (9484); Aequitas Energy, Inc. (7988); Utility Recovery LLC (4351); and Agera Solutions LLC (8749). The location of the Debtors' corporate headquarters and the service address for all Debtors is 555 Pleasantville Road, S-107, Briarcliff Manor, NY 10510.

US2008 16463579 5

**BACKGROUND**

1. On October 4, 2019 (the "Petition Date"), the Debtors each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors continue to operate as debtors in possession, pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request for the appointment of a trustee or examiner has been made in these chapter 11 cases.

2. On October 11, 2019, pursuant to section 1102 of the Bankruptcy Code, the United States Trustee for Region 2 (the "U.S. Trustee") appointed three creditors to serve on the Committee in connection with these chapter 11 cases. The members of the Committee are: Santori Energy Solutions, LLC; EMEX, LLC; and Richard Cooperburg.

3. On the Petition Date, the Debtors filed the *Debtors' Motion for Entry of Orders (I)(A) Approving Bidding Procedures Relating to the Sale of the Debtors' Assets, (B) Approving Stalking Horse Asset Purchase Agreement and Bid Protections, (C) Approving Form and Manner of Notices of Sale, Auction and Sale Hearing, (D) Approving Procedures Relating to the Assumption and Assignment of Certain Executory Contracts, (E) Scheduling Auction for, and Hearing to Approve, Sale of the Agera Opco Entities' Assets; (II)(A) Approving the Sale of the Agera Opco Entities' Assets Free and Clear of All Liens, Claims, Interests and Encumbrances and (B) Authorizing the Assumption and Assignment of Certain Executory Contracts; and (III) Granting Related Relief* [ECF No. 16], proposing to bidding procedures to sell substantially all of the Debtors' assets.

4. On October 22, 2019, the Court entered an order approving the proposed bidding procedures [ECF No. 116].

US2008 16463579 5

5. On November 7, 2019, the Court entered an order approving the sale of substantially all of the Debtors' assets to Exelon Generation Company, LLC ("Exelon") [ECF No. 197].

6. On November 22, 2019, the Debtors filed the *Notice of Closing of Sale of Substantially All of the Agera Opco Entities' Assets to Exelon Generation Company, LLC* [ECF No. 244].

7. On January 6, 2020, the Debtors filed the Motion seeking extend the Filing Exclusivity Period[2] and Soliciting Exclusivity Period by sixty (60) days to April 3, 2020 and June 1, 2020, respectively.

8. On January 22, 2020, the Committee filed its Second Stipulation Extending the Committee's Challenge Period [ECF No. 390] (the "Second Stipulation"). As set forth in greater detail in the Second Stipulation, if the Committee delivers an issues list and term sheet to BP Energy Company ("BP") by January 27, 2020, the Committee's deadline to assert a challenge shall be extended to February 7, 2020.

## ARGUMENT

9. For the reasons set forth below, the Committee requests that the Court limit the extension of the Exclusivity Periods to thirty (30) days each to March 4, 2020 and May 2, 2020, respectively. Section 1121(d)(1) of the Bankruptcy Code provides that after notice and a hearing, a bankruptcy court may "for cause" increase a debtor's exclusivity period to file a plan of reorganization and complete solicitation of votes for such plan. *See* 11 U.S.C. § 1121(d)(1). A debtor has the burden of proof to make "a clear showing" that cause exists in order to support an extension of the exclusivity period. *See In re Curry Corp.*, 148 B.R. 754, 756 (Bankr. S.D.N.Y.

---

[2] Capitalized terms used herein but not otherwise defined herein shall have the meaning ascribed to them in the Motion.

3

1992); *see also In re Cent. Jersey Airport Servs., LLC*, 282 B.R. 176, 184 (Bankr. D.N.J. 2002) (stating that the moving party, *i.e.*, the debtor, bears the burden of proving that "cause" exists justifying the grant of an extension); *In re Sharon Steel Corp.*, 78 B.R. 762, 765 (Bankr. W.D. Pa. 1987) (holding that the debtor, as the movant, has the burden of proving, or offering to prove, that sufficient cause exists to justify an extension of the exclusivity period). Although "cause" is not defined in the Bankruptcy Code, bankruptcy courts have "great latitude" and flexibility in determining whether a debtor has satisfied its burden to demonstrate cause for an exclusivity extension. *See In re Energy Conversion Devices, Inc.*, 474 B.R. 503, 507 (Bankr. E.D. Mich. 2012); *see also In re Lehigh Valley Prof's Sports Club, Inc.*, 2000 WL 290187, at *2 (Bankr. E.D. Pa. Mar. 14, 2000) (stating that whether to grant an extension request is within the sound discretion of the bankruptcy judge).

10. Whether a debtor has established cause is determined on a case-by-case basis on the facts and circumstances of that specific case. *See*, *e.g.*, *Geriatrics Nursing Home, Inc. v. First Fid. Bank, N.A. (In re Geriatrics Nursing Home, Inc.)*, 187 B.R. 128, 132 (D.N.J. 1995) (stating that the Bankruptcy Code provides "great latitude to the Bankruptcy Judge in deciding, on a case-specific basis, whether to modify the exclusivity period on a showing of 'cause'"); *First Am. Bank of New York v. Southwest Gloves & Safety Equip., Inc.*, 64 B.R. 963, 965 (D. Del. 1986) (stating that section 1121(d) provides the bankruptcy court with flexibility to reduce or extend the exclusivity period). In making this determination, bankruptcy courts typically consider the following factors:

    (a) whether the debtor is seeking an extension of exclusivity in order to pressure creditors to submit to the debtor's reorganization demands;
    (b) the existence of good faith progress towards reorganization;
    (c) whether the debtor has made progress in negotiations with its creditors;

    (d) whether the debtor has demonstrated reasonable prospects for filing a viable plan;

    (e) the amount of time which has elapsed in the case;

    (f) the size and complexity of the case;

    (g) the necessity of sufficient time to permit the debtor to negotiate a plan of reorganization and prepare adequate information to allow a creditor to determine whether to accept such plan;

    (h) the fact that the debtor is paying its bills as they become due; and

    (i) whether an unresolved contingency exists.

*In re Adelphia Commc'ns Corp.*, 336 B.R. 610, 674 (Bankr. S.D.N.Y. 2006) (*citing In re Dow Corning Corp.*, 208 B.R. 661, 664 (Bankr. E.D. Mich. 1997)); *see also Cent. Jersey*, 282 B.R. at 184. These factors, though instructive, are not necessarily determinative on their own of whether extension is appropriate. *In re Adelphia Commc'ns Corp.*, 352 B.R. 578, 587 (Bankr. S.D.N.Y. 2006). A subset of the above factors may be more important than others, given the facts of the specific case, and the court is within its discretion to make that determination. *See Bunch v. Hoffinger Indus., Inc. (In re Hoffinger Indus., Inc.)*, 292 B.R. 639, 644 (B.A.P. 8th Cir. 2003).

    11. Here, the balance of factors weighs in favor of a shorter extension of the Exclusivity Periods. As the Court is aware, the Debtors closed a sale of substantially all of their assets two months ago. Upon information and belief, the Debtors are still in the process of transferring their remaining customer accounts to the Exelon, which process should be complete in February.

    12. In support of the Motion, the Debtors tout various actions as indicia of progress in these cases, including filing of first day motions, resolving objections to DIP Financing, preparing and filing schedules, obtaining a bar date order, closing the sale. Many of these alleged indicia of progress are simply required or necessary tasks in a chapter 11 case (*i.e.*, preparing and filing schedules and first day motions, and entry of a bar date order). The Debtors should not receive a significant extension of the Exclusivity Periods for performing tasks required of chapter 11 debtors

and running a sale process in which no qualifying bids were received pursuant to first day motions. Such efforts cannot constitute "significant progress" in these chapter 11 cases.[3] The Committee believes that the extension of the Exclusivity Periods should be limited to thirty days.

13. The fact that this is the Debtors' first motion does not automatically create "cause." "[C]ourts have not hesitated to deny a first motion to extend exclusivity where the circumstances warrant it." *See In re GMG Capital Partners III, L.P.*, 503 B.R. 596, 601 (Bankr. S.D.N.Y. 2014); *In re Gen. Bearing Corp.*, 136 B.R. 361 (Bankr. S.D.N.Y. 1992); *In re All Seasons Indus., Inc.*, 121 B.R. 1002, 1004 (Bankr. N.D. Ind. 1990) (noting, in denying first extension request, that exclusivity motions should "be granted neither routinely nor cavalierly"); *In re Sharon Steel Corp.*, 78 B.R. at 766 (denying first motion to extend exclusivity in large, complex case); *In re Am. Fed'n of Television & Radio Artists*, 30 B.R. 772 (Bankr. S.D.N.Y. 1983). *Cf. In re Borders Grp., Inc.*, 460 B.R. 818, 821 (Bankr. S.D.N.Y. 2011) (granting extension but noting that "[a]lthough this is the Debtors' first request to extend their Exclusive Periods, that fact, by itself, does not constitute cause for an extension")). Furthermore, although the Debtors' cases are neither small, nor simple, "size and complexity alone cannot suffice as 'cause'" to warrant a debtor's request for an extension of exclusivity – they must be "accompanied by other factors . . . to justify extension of plan exclusivity." *In re Pub. Serv. Co. of N.H.*, 88 B.R. 521, 537 (Bankr. D.N.H. 1988).

14. All that remains in these cases is to wind down any remaining operations and file a liquidating plan (or convert to chapter 7). The Debtors should not need an additional two months to complete these tasks. Although the Debtors note that these cases had only been pending for

---

[3] By filing this Objection, the Committee does not mean to suggest that the Debtors have been uncooperative. The Debtors have generally kept the Committee informed and have worked with the Committee on various issues that have arisen during these cases (although the Committee has had to object to many of the motions filed in these cases). However, from its formation, the Committee has been concerned about having a liquidating plan filed as soon as possible due to the continued accrual of administrative expenses such as professional fees.

three months at the time of the filing of the Motion, the sale to Exelon was closed two months ago. During the additional 30 days, the Committee intends to continue to negotiate with BP regarding the material terms of a proposed liquidating plan. The Committee is optimistic that these terms will be resolved in advance of 30 days. Accordingly, the Court should limit the extension of the Exclusivity Periods to 30 days to allow the Debtors to file and solicit a liquidating plan promptly.

WHEREFORE, the Committee respectfully requests that the Court (i) enter an order extending the Debtors' Exclusive Periods by 30 days, and (ii) grant such other and further relief as the Court deems just and proper.

Dated:   January 22, 2020

Respectfully submitted,

**KILPATRICK TOWNSEND & STOCKTON LLP**

/s/ Todd C. Meyers
Todd C. Meyers
The Grace Building
1114 Avenue of the Americas
New York, NY 10036-7703
Telephone: (212) 775-8700
Facsimile: (212) 775-8800
Email: tmeyers@kilpatricktownsend.com

-and-

Colin M. Bernardino
1100 Peachtree Street
Suite 2800
Atlanta, Georgia 30309
Telephone: (404) 815-6500
Facsimile: (404) 541-6421
Email: cbernardino@kilpatricktownsend.com

*Counsel for the Official Committee of Unsecured Creditors of Agera Energy LLC, et al.*